IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>*v.*<br><br>$248,030.00 IN UNITED STATES CURRENCY,<br>Defendant. | Civil Action No. |

**VERIFIED COMPLAINT FOR FORFEITURE**

NOW COMES Plaintiff United States of America, by Ryan K. Buchanan, United States Attorney, and Radka T. Nations, Assistant United States Attorney, for the Northern District of Georgia, and shows the Court the following in support of its Verified Complaint for Forfeiture:

**NATURE OF THE ACTION**

1. This is a civil forfeiture action against $248,030.00 in United States currency ("Defendant Currency") that law enforcement seized on or about March 29, 2023, from James Morris during the execution of a State search warrant at his residence, located at 5126 Farm Place Drive, Woodstock, Georgia 30188, within the Northern District of Georgia.

2. On or about March 29, 2023, the United States Drug Enforcement Administration ("DEA") adopted the seizure of the Defendant Currency.

3. The Defendant Currency is presently located in a secure account maintained by the United States Marshall Service.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

5. This Court has *in rem* jurisdiction over the Defendant Currency pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because the acts or omissions giving rise to the forfeiture occurred in this district.

**7.** Venue also is proper in this district pursuant to 28 U.S.C. § 1395 because the Defendant Currency is presently being held in a secure government account maintained by the United States Marshals Service.

**BASIS FOR FORFEITURE**
**Relevant Statutes**

8. The Defendant Currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) on the grounds that it was furnished or intended to be furnished in exchange for a controlled substance, constitutes proceeds traceable to such an exchange, or was used or intended to be used to facilitate a violation of 21 U.S.C. § 841.

9. The Defendant Currency is also subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) on the grounds that it constitutes or was derived from proceeds traceable to a violation of a "specified unlawful activity."

10. 18 U.S.C. § 1956(c)(7) defines, in relevant part, a "specified unlawful activity" as any act or activity constituting an offense listed in 18 U.S.C. § 1961(1).

11. 18 U.S.C. § 1961(1) includes, as part of the list of offenses, "dealing in a controlled substance or listed chemical."

**Factual Background**

12. Since at least 2021 law enforcement officers have been investigating James Morris for distributing controlled substances within the Northern District of Georgia.

13. On or about March 16, 2023, officers, utilizing a confidential informant, conducted a controlled buy of approximately 1.2 grams of heroin and fentanyl mixture from James Morris.

14. A few days later, on or about March 29, 2023, law enforcement searched James Morris' residence located at 5126 Farm Place Drive, Woodstock, Georgia 30188 pursuant to a State search warrant issued by the Magistrate Court for Cobb County, Georgia.

15. Upon arriving at the residence, law enforcement announced their

presence and that the purpose of their visit.

16. Shortly thereafter, four individuals exited the residence - James Morris, his girlfriend, Nikki Smith, and her two minor children.

17. DEA Task Force Officer Robert Slover informed James Morris of his *Miranda* rights.

18. Morris stated that he understood his rights, signed the *Miranda* form, and agreed to talk to the officers.

19. Morris immediately told TFO Slover that he would show him where the drugs were hidden so the officers wouldn't need to go through the entire house.

20. Morris then walked TFO Slover to a bedroom located in the middle of the hallway, which Morris identified as his bedroom.

21. This bedroom was the only locked room during the search of the residence and law enforcement had to forcibly open it.

22. Once opened, inside the bedroom, officers found male clothing and shoes, which were consistent with being an adult male's room.

23. Morris pointed out multiple unlawful controlled substances located throughout the bedroom as follows:

a. approximately 358.5 grams of suspected methamphetamine in a

plastic bag;

b. approximately 60.2 grams of suspected cocaine in plastic bags;

c. approximately 32.1 grams of suspected heroin/fentanyl in a plastic bag;

d. 14 boxes of ALPLAX 2 Alprazolam 2mg pills including several lose pills;

e. blank pill bottle in bag containing 13.4 grams weight of round pills;

f. suspected fentanyl, round white pills in small bag, 6.0 grams in weight;

g. one Oxycodone pill;

h. 25 white round Sildenafil pills; and

i. 38.5 green Sildenafil pills.

24. Morris admitted that all of the substances belonged to him.

25. Inside Morris' bedroom, law enforcement also found a large safe.

26. TFO Slover asked Morris about the safe.

27. Morris claimed that he no longer used the safe and didn't have a way to open it.

28. Law enforcement officers then removed the safe from the bedroom and brought it outside where they forced it open.

29. Inside the safe, law enforcement officers found a large bulk of cash, *i.e.*, the Defendant Currency.

30. Law enforcement officers placed the money into a large evidence bag and sealed it. Later that day, law enforcement officers transported the currency to the DEA-Atlanta evidence storage facility.

31. TFO Slover asked Morris how much money was in the safe.

32. Morris estimated that that the safe had held approximately two hundred thousand dollars.

33. TFO Slover asked Morris what he did for work.

34. Morris mentioned a few jobs that he held in the past but admitted that he was not employed at the time.

35. TFO Slover asked Morris how much money he had made selling drugs.

36. Morris did not provide an exact number but admitted that he was making "a lot" of money selling drugs, especially since the pandemic had started.

37. TFO Slover also spoke with Morris's girlfriend, Nikki Smith.

38. TFO Slover informed Smith of her *Miranda* rights.

39. Smith verbally stated she understood her rights, signed the *Miranda* form, and agreed to talk to TFO Slover.

40. Smith stated she lived at the residence with Morris along with her two minor children.

41. Smith claimed that she had no knowledge of any drugs being stored or sold from the residence.

42. Smith also denied any knowledge about the source of the money found in the safe.

43. Morris was arrested for trafficking methamphetamine, trafficking cocaine, trafficking heroin, and possession of a schedule IV-controlled substances.

44. To date, Morris remains incarcerated in Cobb County.

*Criminal History*

45. Morris has the following convictions for drug offenses:

a. Purchase and Possession of a Controlled Substance on March 12, 1993, in the Superior Court of Cherokee County;

b. Possession of Less Than One Ounce of Marijuana on June 10, 1992, in Cherokee County State Court;

c. Sale of Dangerous Drugs on March 12, 1993, in Superior Court of Cherokee County;

d. Violation of Georgia Controlled Substance Act on May 31, 1995, in Superior Court of Cherokee County;

e. Sale of a Schedule I or II Controlled Substance on September 16, 2013, in the Superior Court of Cobb County.

f. Possession of a Schedule II Controlled Substance on November 7, 2013, in the Superior Court of Cherokee County; and

g. Sale of a Schedule I or II Controlled Substance on September 25, 2017, in the Superior Court of Cherokee County.

*Official Count of Defendant Currency*

46. On April 4, 2023, Officers Slover and Robert McCoy obtained the Defendant Currency from DEA-Atlanta Field Division's evidence storage facility and transported it to Loomis for an official money count.

47. The official count of the Defendant Currency was $248,030.00.

**<u>Administrative Proceedings</u>**

48. DEA initiated administrative forfeiture proceedings against the Defendant Currency.

49. On June 29, 2023, Morris, by and through his attorney Stephen A. Yaklin, filed an administrative claim to the Defendant Currency.

50. Morris claimed that he is the true owner of the Defendant Currency, which he had obtained through lifetime savings, monthly income, recreational gambling, and from his girlfriend's recent inheritance.

51. After receiving Morris' claim, pursuant to 18 U.S.C. § 983(a)(3), DEA referred the matter for judicial forfeiture to the United States Attorney's Office for the Northern District of Georgia.

**FIRST CLAIM FOR FORFEITURE**
**21 U.S.C. § 881(a)(6)**

52. The United States re-alleges and incorporates by reference Paragraphs 1 through 51 of this Complaint as if fully set forth herein.

53. Based on the foregoing, the Defendant Currency is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) on the grounds that it was furnished or was intended to be furnished in exchange for a controlled substance, that it constitutes proceeds traceable to such an exchange, or that it was used or was intended to be used to facilitate the possession of a controlled substance in violation of 21 U.S.C. § 841.

**SECOND CLAIM FOR FORFEITURE**
**18 U.S.C. § 981(a)(1)(C)**

54. The United States re-alleges and incorporates by reference Paragraphs 1 through 51 of this Complaint as if fully set forth herein.

55. The Defendant Currency is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C), because it constitutes or was derived from proceeds traceable to a specified unlawful activity, namely the illegal distribution

of controlled substances.

**PRAYER FOR RELIEF**

WHEREFORE, the United States prays:

(1) that the Court forfeit the Defendant Currency to the United States of America;

(2) that the Court award the United States the costs of this action; and

(3) such other and further relief as the Court deems just and proper.

This 26 day of September, 2023

Respectfully submitted,

**RYAN K. BUCHANAN**
*United States Attorney*
*600 U.S. Courthouse*
*75 Ted Turner Drive SW*
*Atlanta, GA 30303*
*(404) 581-6000 fax (404) 581-6181*

/s/**RADKA T. NATIONS**
*Assistant United States Attorney*
Georgia Bar No. 618248
Radka.Nations2@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff,<br>*v.*<br>$248,030.00 IN UNITED STATES CURRENCY,<br>Defendant. | Civil Action No. |

**VERIFICATION OF COMPLAINT FOR FORFEITURE**

I, Robert Slover, have read the Complaint for Forfeiture in this action and state that its contents are true and correct to the best of my knowledge and belief based upon my personal knowledge of the case and upon information obtained from other law enforcement personnel.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

This 26 day of September, 2023

Robert Slover
Task Force Officer
U.S. Drug Enforcement Administration